848 F.2d 391
 Josefina GONZALEZ, Cheun Chu Wong, Mo Long Wong, Oscar
Weiss, Jose Torres, Poa Kong Chong, Edna Singleton, Crispula
Zaragoza, Matilde Alsieux, Randall Smith, Frances Friedkiss,
Manuela Concepcion, Salvador Carreras, Rita Mena, Nora
Robertson, Plaintiffs-Appellants,
v.
ST. MARGARET'S HOUSE HOUSING DEVELOPMENT FUND CORPORATION,
the United States Department of Housing and Urban
Development, Samuel R. Pierce,
Defendants-Appellees.
 No. 1104, Docket 88-6032.
 United States Court of Appeals,
Second Circuit.
 Argued May 19, 1988.
Decided June 13, 1988.
 
 Scott A. Rosenberg, The Legal Aid Soc., New York City (John E. Kirklin, Director of Litigation, The Legal Aid Soc., New York City, of counsel), for plaintiffs-appellants.
 Richard W. Mark, Asst. U.S. Atty., S.D. New York, New York City (Rudolph W. Giuliani, U.S. Atty. for the S.D. New York, Nancy Kilson, Asst. U.S. Atty., S.D. New York, New York City, John W. Herold, Asst. Gen. Counsel for Litigation, Joseph W. Lobue, Trial Atty., U.S. Dept. of Housing and Urban Development, New York City, of counsel), for Federal defendants-appellees.
 Joseph Polizzotto, New York City (Peter G. Bergmann, Paul G. Thomas, Susan A. Lifsey Portes, Cadwalader, Wickersham & Taft, New York City, of counsel), for defendant-appellee St. Margaret's House Housing Development Fund Corp.
 Before LUMBARD, MESKILL and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants, elderly or disabled tenants of a low-income congregate care facility in Manhattan operated by defendant-appellee St. Margaret's House Housing Development Fund Corporation (St. Margaret's), appeal from an order and final judgment of the United States District Court for the Southern District of New York, Leval, J., dated November 30, 1987. Judge Leval had held that: (1) the mandatory meal charge imposed on tenants by St. Margaret's did not constitute "rent" within the meaning of the "Brooke Amendment" to the United States Housing Act of 1937, 42 U.S.C. Sec. 1437a(a)(1) (1982 & Supp. III 1985); (2) the Regulatory Agreement between the defendant-appellee United States Department of Housing and Urban Development and St. Margaret's did not bar the meal charge; and (3) the tenants who refused to pay the mandatory meal charge were liable to St. Margaret's for breach of contract.
 
 
 2
 We affirm substantially for the reasons stated by Judge Leval in his opinion, Gonzalez v. St. Margaret's House Housing Development Fund Corp., 668 F.Supp. 187 (S.D.N.Y.1987).